IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ANTHONY C. DUMAS,

                Petitioner,

v.

UNITED STATES OF AMERICA

                Respondent.

OPINION AND ORDER

17-cv-480-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Federal prisoner Anthony C. Dumas has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging a 2008 sentence enhancement he received under U.S.S.G. § 4B1.1 for being a "career offender," a status that applies under certain circumstances to a defendant with at least two prior convictions for a "crime of violence or a controlled substance offense." Petitioner was found to be a career offender because he had four prior Rock County, Wisconsin felony convictions: Case Nos. 92CR2077 (armed robbery), 98CF1506 (possession with intent–cocaine), 01CF3517 (possession with intent–cocaine) and 05CF972 (possession with intent–cocaine). Relying on United States v. Mathis, 136 S. Ct. 2243 (2016), petitioner contends that none of these prior convictions qualify as crimes of violence or controlled substance offenses for purposes of the career offender guideline and that he could have received a significantly lower sentence without the career offender enhancement. In Mathis, the Supreme Court held that a prior conviction

1

counts as a predicate crime under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), only "if its elements are the same as, or narrower than, those of the generic offense."

Petitioner's claims are foreclosed by circuit precedent. In Hawkins v. United States, 724 F.3d 915, 916 (7th Cir. 2013), the court of appeals reaffirmed its previous holding in Hawkins v. United States, 706 F.3d 820 (7th Cir. 2013), that "an error in calculating a defendant's guidelines sentencing range does not justify post conviction relief unless the defendant [was] sentenced in the pre-Booker era, when the guidelines were mandatory rather than merely advisory." See also United States v. Coleman, 763 F.3d 706, 708–09 (7th Cir. 2014) (recognizing that Hawkins is "the law of this circuit"). In this case, petitioner is challenging the sentencing court's application of the sentencing guidelines, but he was sentenced in 2008, three years after the Supreme Court held that the guidelines are advisory in United States v. Booker, 543 U.S. 220 (2005). Thus, Hawkins applies and petitioner cannot rely on Mathis or any other change in the law to challenge his status as a career offender in a post conviction proceeding.

Although Hawkins involved a motion under 28 U.S.C. § 2255 rather than a petition under 28 U.S.C. § 2241, I see no basis for distinguishing Hawkins on that ground. As noted above, the court of appeal's ruling is not limited to § 2255 motions, but applies to all "postconviction relief." Further, the court reasoned in Hawkins that a prisoner could not challenge a sentencing guideline error in a § 2255 motion because such an error was not a "miscarriage of justice" in light of the fact that the guidelines do not affect the statutory maximum, so the sentencing court would be entitled to impose the same sentence even if the

2

case were remanded.  Hawkins, 706 F.3d at 825.  Because a petitioner seeking relief under § 2241 must also show that denying relief would result in a "miscarriage of justice," e.g., Brown v. Rios, 696 F.3d 638, 640 (7th Cir. 2012), the reasoning in Hawkins applies equally to a § 2241 petition.

Petitioner cites Dawkins v. United States, 829 F.3d 549 (7th Cir. 2016), in which a prisoner tried to bring a successive § 2255 motion to challenge his status as a career offender, relying on the Supreme Court's decision in Mathis.  The court of appeals declined to authorize a successive motion on the ground that "only new rules of constitutional law, made retroactive by the Supreme Court, can provide a basis for authorization."  Dawkins, 829 F.3d at 551.  Because Mathis did not announce a new rule of constitutional law, the prisoner could not rely on that decision to bring a successive motion under § 2255.  The court then stated that "[a]n independent claim based on Mathis must be brought, if at all, in a petition under 28 U.S.C. § 2241."  Id.  However, the court of appeals did not address the effect that Hawkins could have on the prisoner's claim.  Thus, although Dawkins could be interpreted as opening the door to a claim like petitioner's, I do not believe that it is instructive.  The court did not purport to overrule Hawkins or undermine its holding. Because Hawkins is directly on point, I conclude that it is controlling and requires dismissal of this petition.

I acknowledge that in recent decisions, some district courts have allowed claims like petitioner's to proceed past the screening stage.  E.g., McCoy v. True, 2017 WL 3704380, *3 (S.D. Ill. Aug. 28, 2017); Stewart v. Werlich, 2017 WL 1348001, at *4 (S.D. Ill.  April

5, 2017). However, I do not find those decisions persuasive because they do not acknowledge Hawkins.

Under Rule 11 of the Rules Governing Section 2254 Cases (which can be applied to cases under § 2241 as well), the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. The question is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Because Dawkins creates some ambiguity, there is room for debate about how the court of appeals might resolve petitioner's claim. Accordingly, I will issue petitioner a certificate of appealability.

ORDER

IT IS ORDERED that

1. Petitioner Anthony C. Dumas's petition for a writ of certiorari under 28 U.S.C. § 2241 is DENIED.

2. Petitioner is GRANTED a certificate of appealability.

4

3. The clerk of court is directed to enter judgment and close this case.

Entered this 5th day of October, 2017.

                               BY THE COURT:

                               /s/
                               BARBARA B. CRABB
                               District Judge